**In the Matter of R.M.P., Alleged to be Seriously Mentally Impaired.**

**R.M.P., Appellant.**

**No. 93–364.**

Court of Appeals of Iowa.

June 28, 1994.

Mark J. Olberding of Miller & Olberding, Nevada, for appellant.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Sp. Asst. Atty. Gen., Richard E. Ramsay, Asst. Atty. Gen., Mary E. Richards, County Atty., and Richard E. Early, Asst. County Atty., for appellee State.

Considered by DONIELSON, C.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

On February 16, 1993, the police picked up a transient, R.M.P. The district court entered an emergency hospitalization order pursuant to Iowa Code section 229.22 (1993). A physician at the hospital found R.M.P. was seriously mentally impaired and a danger to himself and others. The court appointed an attorney to represent R.M.P. and a physician to examine him.

R.M.P. informed his counsel he wanted to be represented by an attorney from another county who had represented him in a prisoner's rights case. Counsel applied for R.M.P. to be represented by this attorney, to be separately examined by either of two doctors he had seen at Cherokee Mental Health Institute, and that his hearing be expedited. The court denied the change of counsel finding this would unnecessarily delay proceedings. The court also denied the application to be examined by additional physicians, finding one of the named doctors no longer worked for Cherokee and the other was on vacation. The application for an expedited hearing was granted.

The court-appointed physician diagnosed R.M.P. as having a schizophrenic affective disorder and a sociopathic personality. The doctor repeated R.M.P. was very disorganized, belligerent, and had exhibited bizarre threatening behavior toward the staff. The doctor felt the condition was treatable with medication and a controlled environment and hospitalization was necessary.

After a hearing, the court found R.M.P. was seriously mentally impaired and ordered his placement in Cherokee. Subsequently the staff psychiatrist contacted the district court requesting authorization to forcibly medicate R.M.P. The psychiatrist reported R.M.P. was psychotic, paranoid, and delusional. The district court entered an order allowing involuntary medication.

■ Appellant raises two issues on appeal. He first contends his right to due process was violated when the district court ordered him to be medicated against his will without finding him incompetent. Secondly, he contends additional procedural safeguards

should have been instituted in order to ensure him due process.

Pursuant to a full evidentiary hearing, appellant was involuntarily committed to Cherokee Mental Health Facility. After being committed the treating physician requested a court order allowing him to involuntarily medicate appellant because appellant was dangerous and was suffering from mental illness. The district court then reiterated its previous finding of serious mental impairment and determined the facility could provide appropriate treatment.

Iowa Code section 229.23(2) (1993) specifically states in part:

... The patient's right to refuse treatment by chemotherapy shall not apply during any period of custody authorized by section 229.4(3), 229.11 or 229.22, but this exception shall extend only to chemotherapy treatment which is in the chief medical officer's judgment, necessary to preserve the patient's life or to appropriately control behavior by the person which is likely to result in physical injury to that person or others if allowed to continue. The patient's right to refuse treatment by chemotherapy shall also not apply during any period of custody authorized by the court pursuant to section 229.13 or section 229.14
...

Appellant was committed to the Cherokee Mental Health institute pursuant to Iowa Code section 229.13 and therefore, based upon the above section, does not have the right to refuse medication.

The idea appellant does not enjoy a liberty interest in being free from forced medication is supported by the Eighth Circuit opinion of *Duatremont v. Broadlawns Hospital.* Dautremont, a patient committed to Broadlawns Hospital pursuant to Iowa Code Chapter 229, contended the Iowa commitment statutes "create certain liberty interests that are protected by the due process clause of the fourteenth amendment." *Duatremont v. Broadlawns Hospital,* 827 F.2d 291, 298 (8th Cir. 1987). The court held when the requirements of the commitment process are followed, any liberty interest a person may have enjoyed is not violated when a patient is given medication against his will. *Id.* at 297.

Following the procedure provided by the Iowa Code, the district court determined there was a need for chemotherapy treatment and an inability of the appellant to make an informed judgment due to the presence of mental illness. Appellant's rights have been protected before, during and after these proceedings. The district court did not err in determining treatments were necessary and could be administered without the appellant's permission.

■ Appellant next argues his due process rights were violated because sufficient procedural safeguards were not in place. He specifically claims error by the district court in failing to weigh his dangerousness prior to authorizing involuntary medication, and for failure to provide for review of the medication order.

Appellant relies heavily on the United States Supreme Court case of *Washington v. Harper. Washington* involved a prisoner who claimed his rights were being violated when he was given medication involuntarily. *Washington v. Harper,* 494 U.S. 210, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990). Appellant contends Iowa Code chapter 229 does not comply with the procedural requirements set out in *Washington* and therefore appellant's due process rights were violated. We disagree.

In *Washington,* the court identifies the proposition the Due Process Clause of the United States Constitution "confers upon respondent no greater right than that recognized under state law." *Id.* at 222, 110 S.Ct. at 1037, 108 L.Ed.2d at 198. Because Iowa law does not confer a protected interest under Iowa Code section 229.23(2), appellant cannot argue for a greater right under federal law. Additionally, the Eighth Circuit has recognized the "safe administration of an institution ... requires that staff be allowed to restrain patients on occasion." *United States v. Watson,* 893 F.2d 970, 978 (8th Cir.1990). Further, the court concluded the state officials should have the authority and duty to provide "reasonable safety for all residents and personnel within the institution. And it may not restrain residents except when and to the extent professional

judgment deems this necessary to assure such safety." *Id.* at 980.

In the case at bar, the appellant was provided all reasonable procedural due process. The examining doctor communicated his findings and conclusions regarding the appellant's condition and the need for medication. The court ordered, pursuant to these findings, a supplemental treatment order. Additionally, the mental health institute made a showing appellant was still suffering from a mental illness, was still a danger to himself or others, and was still treatable with the utilization of medication. Appellant's rights were clearly protected. We affirm the ruling of the district court.

**AFFIRMED.**